Taylor,
 
 Judge,
 

 if the jury are satisfied that the defendant has caused the nuisance as stated by the p:-*inu£F, they should assess damages for 1: e fm; elapsed since the commencement of the former action to the commencement of the present one ; but the damages are uso div light, b- > au.se the action may be repeated for every continuance of the nuisance altera former action.
 

 Verdict for
 
 T.
 

 I cannot think the direction:: concerning the damages correct, because if the keeping up of ¡he nuisance will afford more profit to th e wrong doe.r than the small damages assessed by a jury, he ■will keep it up forever 5 and thus orse individual will he enabled to take from another his property against his conse nt, and detain it from him as long as he pleases. The damages ought not to be for what the incommoded property is worth, but competent to the purpose in view; that is, a demolition of the erection that occasions the nuisance. Sometimes the profits of such erections
 
 *400
 
 as merchant, mills for instance, are of much greater value in one year, than the fee simple of the annoyed property. In such cases the object of the law cannot be obtained but by damages equivalent to the profits gained by the erection, cr by damages to such ■aa amount as will render those profits not worth pursuing.